## POTTER et al. v. WADSWORTH et al.

No. 13108—Opinion Filed Feb. 9, 1926.

(Syllabus.)

**Indians — Devolution of Creek Allotment— Death of Indian before Selection of Land—Law Controlling Succession.**

Under the allotment acts governing the Creek Tribe of Indians, no title vested until selection was made, and if the enrolled citizen of the tribe had died theretofore, the rule of succession was the law in force at the time of selection; but in applying this rule, rights in and to the land are by the courts adjudged to be the same as if the citizen allottee were living on the date of selection, and title had actually vested in him.

Error from District Court, McIntosh County; Harve Melton, Judge.

Action by William Wadsworth and others against Emily L. Potter and others. Judgment for plaintiffs, and defendants bring error; plaintiffs filing cross-petition in error. Affirmed.

Turner, Turner, Harley & Parris, for plaintiffs in error.

Neff & Neff, for defendants in error.

BRANSON, V. C. J. Herein William Wadsworth, John Wadsworth, and Irene Wadsworth, as plaintiffs, sued the defendants J. H. Loomis, W. F. Jones, Conservative Loan Company, Emily L. Culbertson (now Potter), and J. J. Culbertson, for possession and to quiet title to certain real estate. While this was an action for the recovery of specific real property, and to quiet title thereto, the parties waived the right of trial by jury and submitted the controversy raised by the pleadings to the judge of the district court of McIntosh county, upon an agreed statement of facts.

The substance of the agreed statement is that the land in litigation was allotted to one Newman Wadsworth; that Newman Wadsworth was a citizen by blood of the Creek Tribe of Indians, and that his name appeared on the final citizenship rolls of said tribe; that he died in the Creek Nation, Indian Territory, but in that part thereof now embraced within McIntosh county, Okla.; that he died in the month of September, 1899;

that at the time of his death he was an infant. It was further stipulated that he left surviving him (no spouse, child or descendants) his father, Pude J. Wadsworth, and his mother, Mattie Wadsworth. That the said father of the said Newman Wadsworth was a duly enrolled citizen by blood of the Seminole Tribe of Indians. That the said mother, Mattie Wadsworth, was a duly enrolled citizen of the Creek Tribe of Indians. That the said Mattie Wadsworth, mother as aforesaid of the said Newman Wadsworth, died on the 23rd day of April, 1902, leaving surviving her her said husband, Pude J. Wadsworth, William Wadsworth, John Wadsworth, and Jessie E. Wadsworth, now Boone, all of whom are enrolled citizens of the Creek Tribe of Indians, with the exception of the said husband. That the land in question was not allotted in the name of the said Newman Wadsworth until August 1, 1902, and part of it not until February, 1905, and that whatever interest the defendants have in and to the land grows out of a deed from the said Pude J. Wadsworth to John J. Culbertson, by him to his codefendant, Emily L. Culbertson, now Potter, plaintiff in error herein.

The judgment of the trial court in brief was that the plaintiffs, children as aforesaid of Mattie Wadsworth, owned the fee to the land, subject to an estate by the curtesy of the said Pude J. Wadsworth, which estate by the curtesy was at the time of trial owned by Emily L. Culbertson, or Potter. The judgment further found that the said Emily L. Culbertson was entitled to remain in the quiet and peaceful possession and use of said land during the life of the said Pude J. Wadsworth.

The cross-appeal filed by the defendants in error herein, who were the plaintiffs in the trial court, raised only one question, and that is, whether or not Pude J. Wadsworth succeeded to an estate by the curtesy in and to the land in controversy. Certain dates are important herein, for these dates, under the congressional acts relative to the enrollment and allotment of lands among the citizens of the Creek Tribe of Indians, are significant. The Indian in whose name the land was allotted died in September, 1899; his mother, Mattie, died in April, 1902, leaving his father, Pude, and certain other children surviving; the land was not allotted and certificate issued until August 1, 1902. Had Mattie Wadsworth, the mother of Newman Wadsworth, been living on the said date of allotment of the land here in controversy, then we think that the title to said land would immediately upon its selection have vested in her by operation of

law, and had she died thereafter. leaving the said Pude J. Wadsworth surviving (although he was a noncitizen of the Creek Nation), we think he would have taken a life estate in and to the land in question. This estate is referred to in the law of the forum at that time as an estate by the curtesy. But she having died in April preceding the allotment of the land in August, and the land so allotted not being her individual allotment, whatever rights she might have ever acquired in and to the same would have been by virtue of the law of succession vested in plaintiffs and her husband. The question is, under this peculiar state of facts, whether or not any estate passed to her surviving husband. We know of no case directly in point on this question, and none is cited in the briefs.

It is well settled that no title vested until selection of the land was made. This, as shown above, was August 1, 1902. At that time, by virtue of the law of succession placed in force by the Act of Congress on June 30, 1902, c. 1323, sec. 6, and continued in force by virtue of the Supplemental Agreement, was chapter 49 and certain other chapters of Mansfield's Digest of the Statutes of Arkansas. While ordinarily the wife, Mattie, not having been seized of an estate of inheritance during her life, no estate by the curtesy would inure to the benefit of her husband. But, whatever may be the individual views of the writer as to the correctness thereof, or whatever might be the view of this court, were it an original proposition, the courts have apparently adopted a fiction as to these allotments, in this, to wit, that for the purpose of devolution, or the fixing of the right of a husband, wife, or heir, by operation of the statute, it shall be considered in the same manner as if the allotment had been actually made before the death of the person in whose name the land was afterwards set aside. Schultis v. McDougal, 170 Fed. 529, and cases following; Longest v. Lankford, 114 Okla. 50, 242 Pac. 569.

Taking this view of it, had the land been allotted before the death of Newman Wadsworth, and the law in force at the time of the allotment of the land being the governing provisions of the statute, the fee thereto would have ascended to his mother, Mattie, who survived him, and she having died subsequently, issue being born capable of inheriting to her and the said Pude J. Wadsworth, he would have taken an estate by the curtesy.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 31 C. J. p. 523 § 96.